IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.   CRIMINAL NO. 2:16-00218

**DON LAMONT WILKERSON**

## MEMORANDUM OPINION AND ORDER

Pending before the court is Gerald M. Titus, III's motion to withdraw as counsel.  See ECF No. 137.  The court[1] appointed Titus to serve as counsel for defendant on March 16, 2017, after the court permitted another attorney to withdraw due to irreconcilable differences between counsel and the defendant. Now, Titus seeks to withdraw as defendant's counsel on the same grounds.  For the reasons stated in this Memorandum Opinion and Order and at the hearing, the motion to withdraw is **DENIED**.

### I.   FACTS

Don Lamont Wilkerson was indicted on November 22, 2016 and charged with three counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1).  ECF No. 1.  The trial date was originally scheduled for January 31, 2017, and Assistant

---

[1] The case was originally assigned to Judge Thomas E. Johnston until the Clerk reassigned the matter on January 24, 2018 to Judge David A. Faber.  ECF No. 105.

Public Defender, George H. Lancaster, Jr. was appointed to serve as Wilkerson's counsel.  ECF Nos. 7, 11.

On March 10, 2017, Lancaster filed a motion to withdraw because Wilkerson "advised him he no longer wishes to be represented by undersigned counsel."  ECF No. 21.  After a hearing, Judge Johnston granted Lancaster's motion, and appointed Titus to serve as counsel to defendant.  ECF Nos. 24, 25.  Since Titus' appointment on March 24, 2017, this case has been continued nine times, almost two dozen pre-trial motions have been filed, and trial is scheduled for March 27, 2018.

On February 19, 2018, Titus filed a motion seeking to withdraw as counsel citing an irreconcilable breakdown in communication with Wilkerson.  See ECF No. 137.  Additionally, the motion alleges Wilkerson communicated to Titus on February 17 and 19 that he no longer wished to speak to counsel regarding the case.  Id.  On February 21, the court held a hearing where the parties asserted that there exist substantial disagreements between Titus and Wilkerson concerning trial defense strategies.

## II. APPLICABLE LAW

A motion for new counsel entails consideration of whether the initial appointment "ceased to constitute Sixth Amendment assistance of counsel," reviewing, "(1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) 'whether the attorney/client conflict was so great that it

had resulted in total lack of communication preventing an adequate defense.'" See United States v. Smith, 640 F.3d 580, 588 (4th Cir. 2011) (quoting United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988)).

"As to that last inquiry, a total lack of communication is not required[.] Rather[,] an examination of whether the extent of the breakdown prevents the ability to conduct an adequate defense is the necessary inquiry." Id. (internal quotation marks and bracket omitted). Thus, the court is concerned "not with the indigent defendant's freedom of choice or . . . whether the attorney and his client have a meaningful relationship," but whether "a breakdown of attorney-client communication [is] so great that the principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated." Id. (internal quotation marks and citation omitted) (cited by United States v. Williamson, 701 F. App'x 212, 218 (4th Cir. 2017)).

The factors in Smith are to be weighed "against the trial court's interest in the orderly administration of justice." United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004), followed in United States v. Lee, 397 F. App'x 889, 890 (4th Cir. 2010) (per curium). To prevail on a motion to substitute court-appointed counsel, the parties must demonstrate good cause. Gallop, 838 F.2d at 106 (citation omitted).

3

## III. ANALYSIS

Based upon the representations of Titus and Wilkerson, the court does not find that they attorney/client conflict is "so great that it had resulted in total lack of communication preventing an adequate defense." Smith, 640 F.3d at 588 (4th Cir. 2011). Disagreement regarding potential trial strategy fails to disrupt the "principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated." Id.; see also United States v. Johnson, 114 F.3d 435, 443 (4th Cir. 1997) (affirming denial of motion to withdraw as counsel despite the defendant "disagree[ing] with [counsel's] trial strategies."). The parties' disagreements notwithstanding, it is clear to the court that Titus is mounting a vigorous defense on Wilkerson's behalf. The number, variety, and mere ingenuity of the pre-trial motions he has filed indicates to the court that Titus' representation of the defendant clearly exceeds the bar of effective representation.

The motion is also untimely. Id. This case has been continued nine times since Titus' appearance as counsel. The court's latest continuance stated "given the generous nature of the extension granted herein, no further extensions of the deadline will be granted." See ECF No. 129 at 3. Trial is set for March 27, 2018. Given the ten (10) pending pre-trial motions filed by counsel, coupled with the additional pre-trial

motions ruled on after the court's pre-trial motions hearing, (see ECF No. 86), allowing Titus to withdraw would result in yet another continuance. The Speedy Trial Act affords the right to a speedy trial to not only the defendant, but also to the public. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994) ("In considering timeliness . . . the court is entitled to take into account the . . . public interest in proceeding on schedule.").

Thus, having considered the grounds of Titus' motion and the parties' representations at the ex parte hearing, the motion fails to satisfy Smith, and this court refuses to appoint another counsel to represent the defendant. See United States v. Morsley, 64 F.3d 151, 156 (4th Cir. 1995) (affirming the district court's refusal to permit the withdrawal of a second appointed attorney after defendant's first appointed attorney was allowed to withdraw, instead presenting the defendant with the option of counsel's continued representation or to proceed pro-se); United States v. DeTemple, 162 F.3d 279, 289 (4th Cir. 1998) (stating that "[a] court can properly refuse a request for substitution of counsel when the defendant's own behavior creates the problem."). Accordingly, the court **DENIES** the motion to withdraw as counsel. ECF No. 137

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States

Marshal for the Southern District of West Virginia, and the Probation Office of this court.

**IT IS SO ORDERED** this 22nd day of February, 2018.

ENTER:

David A. Faber
Senior United States District Judge