```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                         CRIMINAL NO. 2:16-00218

**DON LAMONT WILKERSON**


<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court are a number of pre-trial motions filed by the defendant and the United States.  ECF Nos. 58, 59, 115-118, 121, 146-148, 157-160, 165, 172.  Additionally, the United States made three (3) oral motions at the March 26, 2018 pre-trial motions' hearing.  For the reasons placed on the record at the hearing, the court hereby **ORDERS** as follows:

1) Defendant's Motion in Limine to Prohibit Introduction of Witness Testimony Characterizing Audio and Video Recordings is **DENIED**.  ECF No. 58.

2) Defendant's Motion in Limine to Prohibit the Undisclosed MDENT (Metropolitan Drug Enforcement Network Team) Policies and Procedures for Searching Informants and Vehicles is **DENIED**.  ECF No. 59.

3) Defendant's Motion in Limine to Prohibit the Introduction of Laboratory Reports at Trial is **DENIED** as moot.  ECF No. 115.

4) Defendant's Motion in Limine to Prohibit Introduction of Recorded Jail Calls was deferred until trial.  At trial, the United States did not introduce defendant's jail calls, therefore the motion is **DENIED** as moot.  ECF No. 116.

5) Defendant's Motion in Limine Regarding Admission of Exhibits is **DENIED** as moot, because the court allowed the parties to admit exhibits into evidence either during or at the close of testimony.  ECF No. 117.

1

6) Defendant's Motion in Limine to Prevent Mention of Alleged Supervised Release Violations and Federal Arrest is **DENIED in part** as moot because the government will not mention defendant's alleged supervised release violations and **DENIED in part** insofar as the government may state that the defendant was arrested by the United States Marshals Service.  ECF No. 118.

7) United States' Motion in Limine to Exclude MDENT Policies and Procedures is **DENIED.**  ECF No. 121.

8) Defendant's Motion in Limine to Prohibit Testimonial Statements of Non-Testifying Witness is **DEFERRED** until trial.  ECF No. 146.

9) Defendant's Motion in Limine to Exclude Fugitive Testimony is **DENIED**.  ECF No. 147.

10) Defendant's Motion in Limine to Disallow Transcripts of Audio and Video Recorded Evidence is **DENIED** as moot because the transcripts will not be admitted into evidence.  ECF No. 148

11) United States' Motion in Limine to Exclude Defendant's Expert Witness was deferred until trial.  At trial, defendant's counsel did not call his expert witness to testify.  Therefore, the motion is **DENIED** as moot.  ECF No. 157.

12) United States' Motion in Limine to Exclude Extrinsic Evidence of Witness's Prior Convictions and Prior Acts is **GRANTED**.[1]  ECF No. 158.

13) United States' Motion in Limine to Exclude Giglio Evidence is **DEFERRED** until trial.  ECF No. 159.

---

[1] The court then considered whether four (4) prior convictions of the confidential informant could be used for impeachment.  Two of these felony convictions (and their subsequent release) occurred within the past ten years, while two felony convictions occurred well outside the ten-year threshold of Federal Rule Evidence 609(b).  The court allowed counsel for the defendant to impeach the confidential informant with the two most recent felony convictions.

14) United States' Motion in Limine to Exclude or Redact Text Messages is **GRANTED** to the extent personally identifiable information shall be redacted and **DEFERRED** until trial to the extent that the text messages are admissible.  ECF No. 160.

15) Defendant's Motion to Supplement Jury Venire argues that because the selected jury panel includes no African-Americans and underrepresents 18-24 year olds, the jury should be replaced or supplemented.  See ECF No. 165. Rory L. Perry, II, Clerk of the Southern District of West Virginia testified that the procedure for selecting qualified persons for jury service is based upon actual voters at the most recent (November 2016) general election.  Selected jurors may then be excused by the clerk's office or district court judge based on a number of factors.[2]  None of these statutory bases for exclusion, however, consider race or age.  Defendant advanced no direct evidence of systematic exclusion relying instead upon bare assertions of substantial underrepresentation to support his claim that there is some structural or systemic issue with how juries in this district are selected.  Accordingly, the motion is **DENIED** because defendant provided no showing that "underrepresentation [of African-Americans and 18-24 year olds] is due to systematic exclusion of the group in the jury-selection process."  Duren v. Missouri, 439 U.S. 357, 364 (1979); see also Truesdale v. Moore, 142 F.3d 749 (4th Cir. 1998).

At the pre-trial motions hearing, the United States made the following oral motions which, for the reasons placed on the record at the hearing, the court hereby **ORDERS** as follows:

1) United States' motion to prohibit questions regarding the physical appearance of the recording device used by MDENT was **GRANTED**.

---

[2] This procedure was approved by the Judicial Council of the United States Court of Appeals for the Fourth Circuit.

2) United States' motion to prohibit the admission of copies of GoogleMaps.com print-outs of the alleged routes driven by the confidential informant was **GRANTED.**

3) United States' motion to prohibit the admission of a color photograph of a confidential informant into evidence was **GRANTED.**

Additionally, since the trial in this matter concluded on March 29, 2018, the court hereby **DENIES** as moot all motions that the court deferred judgment upon until trial. See ECF Nos. 146, 159, 160.

The Clerk is directed to send a copy of this Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this Court.

**IT IS SO ORDERED** this 3rd day of April 2018.

ENTER:

David A. Faber
Senior United States District Judge